Order Entered.

Patrick M. Flatley
United States Bankruptcy Judge
Dated: Friday, May 28, 2010 1:19:04 PM

# THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IN RE:                          )
                                )
    FRANCIS C. TUCKER              )   Case No. 5:09-bk-914
                                )
    Debtor.                        )

## MEMORANDUM OPINION

Francis C. Tucker (the "Debtor") filed a "Second Motion to Dismiss" (Doc. No. 74) in the above-styled involuntary Chapter 7 case. The Debtor asserts two grounds for dismissal: (1) that the petitioners' failure to provide a witness under Fed. R. Civ. P. 30(b) is sanctionable by dismissal under Rule 37(d); and (2) that one of the named petitioners did not actually authorize the petition.[1]

The court will deny the Debtor's Second Motion to Dismiss.

## I. BACKGROUND

On April 27, 2009, two entities and one individual joined an involuntary Chapter 7 petition against the Debtor. The petitioners include Ohio Valley Amusement Company ("OVA"), Alexas Intertainment, LLC ("Alexas"), and Al Hart. Service of the petition and summons was made on the Debtor on April 30, 2009, by mail pursuant to Fed. Bankr. R.P. 7004(b)(1).

---

[1] Paragraph 3 of the Debtor's motion asserts as a reason for dismissal that Donald Zavolta, an employee of OVA, was served with a subpoena and notice of deposition but failed to attend the deposition. Mr. Zavolta, however, is not identified as "a party or a party's officer, director, or managing agent – or a person designated under Rule 30(b)(6) or 31(a)(4)," and, thus, Rule 37(d) does not apply. Fed. R. Civ. P. 37(d)(3). In addition, the Debtor has provided no reason why Mr. Zavolta's failure to attend a deposition should result in dismissal. Therefore, the court will not address Paragraph 3 as a grounds for dismissal.

1

On May 19, 2009, the Debtor filed an answer and motion to dismiss ("First Motion to Dismiss") the involuntary petition, asserting, among other things, that the petitioners hold claims that do not entitle them to relief under 11 U.S.C. § 303(b), and that because OVA and Alexas are related entities and should be counted as a single creditor, an insufficient number of claim holders joined the petition. Because each of the Debtor's legal conclusions required the court to consider evidence outside the pleadings, the court converted the Debtor's First Motion to Dismiss to one for summary judgment. The court provided the parties additional time to conduct discovery and provide supplemental briefing. Based upon the evidence presented in the parties briefs, genuine issues of material fact remained as to whether the petition meets the elements under § 303(b), and, thus, the court denied the Debtor's First Motion to Dismiss. In particular, the Debtor's First Motion to Dismiss and his supplemental briefing failed to show that at least 12 creditors qualify under § 303(b) such that the three-petitioner requirement is implicated under § 303(b)(1).

The court's order denying the First Motion to Dismiss allowed the Debtor to submit a list of creditors as described under Fed. R. Bankr. P. 1003(b) in order to give any other potentially qualified creditors an opportunity to join the petition, and to allow all parties an opportunity to conduct additional discovery on whether § 303(b)(1) applies in this case. The order also scheduled a final pre-trial conference date for May 18, 2010, and set the final hearing on the petition for June 2, 2010.

On the morning of May 18, 2010, the same day the court held the final pre-trial conference, the Debtor filed his Second Motion to Dismiss.

## II. DISCUSSION

### A.   Dismissal as a Sanction under Rule 37(d)

The Debtor asserts that upon request for OVA to designate a person under Rule 30(b)(6) to testify at a April 17, 2010 deposition, OVA designated Rod Berry, who, according to the Debtor was unprepared to testify as to matters described in the deposition notice.

Rule 30(b)(6) provides that a notice to a corporation to attend a deposition, requires the corporation to designate a person to testify as to the matters described in the deposition notice. Rule 37(d)(1)(A)(i) provides that the court may "order sanctions if . . . a person designated under

2

Rule 30(b)(6) . . . fails . . . to appear for that person's deposition." Dismissal of a proceeding is a permissible sanction under Rule 37(b)(2)(A)(v). But Rule 37(d)(3) provides:

> Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d)(3). A corporation's complete failure to educate its designee as to the matters described in the deposition notice, is sanctionable under Rule 37(d) as if the corporation failed to attend its own deposition. *See Int'l Ass'n of Machinists & Aero. Workers v. Werner-Matsuda*, 390 F. Supp. 2d 479, 489 (D. Md. 2005) ("Monetary sanctions are mandatory under Rule 37(d) for failure to appear by means of wholly failing to educate a Rule 30(b)(6) witness, unless the conduct was substantially justified.").

At the final pre-trial conference, Kevin Coleman, counsel for OVA, admitted that he failed to prepare Mr. Berry for his Rule 30(b)(6) deposition. Mr. Coleman explained, however, that he had suffered the loss of his father just days before the April 17th deposition, and was unavailable to properly prepare Mr. Berry. He arranged for Mr. Berry to obtain some supporting documents, and although Mr. Thomas was able to fill in for Mr. Coleman at the deposition, Mr. Coleman was unable to have Mr. Berry properly educated on such short notice. The court is compelled to deny the imposition of sanctions against either Mr. Coleman or OVA given that Mr. Coleman's loss is a substantial justification for failing to educate Mr. Berry in preparation for his deposition.

Moreover, any insufficiency in Mr. Berry's preparation was known to the Debtor on April 17, 2010. Nevertheless, the Debtor waited until May 18, 2010, the day of the final pre-trial conference, to seek sanctions. Such a delay is unwarranted, and leads the court to believe that the request is not based upon a compelling or substantive need for discovery, which further justifies denial of the Debtor's request for sanctions.

B.    **Dismissal for Failure to Join a Sufficient Number of Petitioners**

The Debtor asserts that OVA and Alexas tricked Al Hart into signing the petition. Thus, according to the Debtor, without Al Hart as a petitioner, an insufficient number of petitioners joined the petition.

3

In adjudicating a motion to dismiss, a court must accept as true all of the well-pleaded factual allegations in the complaint as well as the reasonable inferences that can be drawn from them, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This principle, however, is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009). Defeating a motion under Rule 12(b)(6) requires the plaintiff to provide more in the complaint than "mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The factual allegations in the complaint "must be enough to raise a right of relief above the speculative level," *id.*, and be enough to "state a claim to relief that is plausible on its face." *Ashcroft*, 129 S. Ct. at 1949.

"In ruling on a 12(b)(6) motion, the [c]ourt can rely only upon the allegations in the complaint and those documents attached as exhibits or incorporated by reference." *Norfolk Fed'n of Bus. Dists. v. HUD*, 932 F. Supp. 730, 736 (E.D. Va. 1996), *aff'd*, 103 F.3d 119 (4th Cir. 1996) (table decision), 1996 U.S. App. LEXIS 30037, *3 (per curiam). "If, on a motion under Rule 12(b) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). When a defendant refers to a document in its motion to dismiss, "a court may consider it in determining whether to dismiss the complaint if [the document] was integral to and explicitly relied on in the complaint and if the plaintiffs do not challenge its authenticity." *Am. Chiropractic v. Trigon Healthcare*, 367 F.3d 212, 234 (4th Cir. 2004) (internal quotation marks omitted).

Here, the Debtor's motion asserts that Al Hart, one of the named petitioners, did not consent to the filing of the involuntary petition, which assertion is in direct opposition to the allegations made on the petition. The petition was submitted on Official Form 5, and contains what purports to be Al Hart's signature under the following statements:

> Petitioner(s) request that an order for relief be entered against the debtor under the chapter of title 11, United States Code, specified in this petition.
>
> . . .

4

> Petitioner(s) declare under penalty of perjury that the foregoing is true and correct according to the best of their knowledge, information, and belief.

(Petition 2.) Francis C. Tucker is named as the Debtor in the petition. (Petition 1.) The petition describes three claim holders, including Al Hart whose claim is described as a $10,000 "Loan," and alleges that the petitioners hold an aggregate of $1,736,196.38 in claims against the Debtor. (Petition 3.) Because three petitioners holding at least $13,475 in noncontingent claims that are not subject to bona fide dispute are entitled to an order for relief under 11 U.S.C. § 303(b)(1), the petition sets forth facts that show a plausible claim for relief. In particular, the allegation that Al Hart authorized the petition is a well-pled fact that the court must accept as true.

In support of his Second Motion to Dismiss, the Debtor's motion purports to quote from a transcript of a deposition of Al Hart. The Petitioners have offered evidence and affidavits in rebuttal. The court need not consider, however, these materials, which fall outside the pleadings, because, even if the court were to accept, without deciding, the truth of the Debtor's assertion that Al Hart did not authorize a petition against the Debtor, that fact, alone does not require dismissal. The Debtor has set forth no facts that invalidate the other two creditors who authorized the petition. The total number of claim holders who are qualified under 11 U.S.C. § 303(b) has not been established. Thus, under § 303(b)(2), the petitioners, even in the absence of one of them, may still show that the Debtor has fewer than 12 qualified creditors. The Debtor's motion reveals no fact that makes the petitioners' case under § 303(b)(2) implausible.

### III. CONCLUSION

Because the court finds that OVA's failure to adequately prepare its Rule 30(b)(6) designee for his deposition is substantially justified, the court will deny the Debtor's request for sanctions under Rule 37(d). Further, because the Debtor has not shown that the petition fails to state a claim for which relief can be granted, the court will deny the Debtor's motion to dismiss.

Pursuant to Rule 7058, the court will enter a separate order consistent with this memorandum opinion.